

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00363-CR

CURTIS WAYNE ROGERS                                        APPELLANT

V.

THE STATE OF TEXAS                                             STATE

----------

## FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Curtis Wayne Rogers pleaded guilty to possession of four grams or more but less than two hundred grams of methamphetamine with intent to deliver.[2] The trial court's original certification of

---

[1]*See* Tex. R. App. P. 47.4.

[2]Rogers entered into a "split" plea bargain with the State, in which the State agreed to recommend five years' confinement provided that if, before the sentencing hearing, Rogers was charged with a new offense or violated a condition of his bond, or if he failed to appear for the sentencing hearing, then the State agreed to recommend thirty years' confinement. After Rogers failed to

Rogers's right to appeal states that he waived the right to appeal. The trial court subsequently entered an amended certification, stating that this "is not a plea-bargained case, and the defendant has the right of appeal."

On May 5, 2011, we notified the trial court that its amended certification was defective and ordered a second amended certification of Rogers's right to appeal to state that this case is a plea-bargained case and to indicate whether any matters were raised by written motion filed and ruled on before trial or whether the trial judge has given permission to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), (f), 37.1; *Dears v. State*, 154 S.W.3d 610, 613–15 (Tex. Crim. App. 2005). On May 18, 2011, we received the trial court's second amended certification of Rogers's right to appeal. The certification states that this "is a plea-bargain case, and the defendant has NO right of appeal."

On May 18, 2011, we sent the parties a letter notifying them that the appeal may be dismissed unless any party files a response showing grounds for continuing the appeal based upon the new certification. *See* Tex. R. App. P. 25.2(d), 43.2(f). Rogers filed a pro se response arguing that the trial court did not provide him an opportunity to withdraw his guilty plea. Rogers's appointed counsel also filed a response arguing that the appeal should be continued because Rogers was originally granted permission to appeal and had an attorney appointed for that purpose and because the sole issue on appeal is whether the

appear at the sentencing hearing, the trial court sentenced him to thirty years' imprisonment in accordance with the terms of the plea bargain.

trial court impermissibly entered into the plea-bargain process.

These responses do not show grounds for continuing the appeal. Rule 25.2(a)(2) provides that a plea-bargaining defendant may appeal only matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (requiring appellate courts to dismiss prohibited appeal without further action, regardless of basis for appeal). Rogers's basis for appeal does not concern matters raised by any written motion filed and ruled on before trial, and the trial court's second amended certification of appeal does not otherwise give Rogers the right to appeal. Consequently, because Rogers has no right to appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez*, 183 S.W.3d at 680.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 7, 2011